**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

ADAM DONAHUE                                         CIVIL ACTION

VERSUS                                              NO: 25-527

GNOTS-RESERVE, INC.                                 SECTION "H"

## ORDER AND REASONS

Before the Court are Defendant Gnot-Reserve Inc's Motion for Partial Summary Judgment on Maintenance and Cure Claims (Doc. 21); Motion for Partial Summary Judgment on Liability (Doc. 24); and Motion to File Counterclaim (Doc. 22). For the following reasons, the Motions are **DENIED**.

## BACKGROUND

Plaintiff Adam Donahue is a Jones Act seaman employed by Defendant Gnots-Reserve, Inc. aboard the M/V WISE ONE, a vessel owned and operated by Defendant. Plaintiff alleges that, on August 24, 2024, he was injured aboard the M/V WISE ONE while lifting a cable wire that became unraveled and pinned him between the wire and the vessel, injuring his right hand and wrist. Plaintiff was diagnosed with a hematoma on his right hand. Plaintiff brings claims for Jones Act negligence, unseaworthiness, and maintenance and cure.

Now before the Court are three motions filed by Defendant. First, Defendant moves for summary judgment on Plaintiff's maintenance and cure claim, asserting a *McCorpen* defense. Next, Defendant moves for partial

1

summary judgment dismissal of Plaintiff's Jones Act negligence and unseaworthiness claims, arguing that Plaintiff cannot establish causation or damages because his injury predated the accident at issue. Finally, Defendant seeks to bring a counterclaim against Plaintiff for the recoupment of maintenance and cure amounts paid to Plaintiff in light of his intentional concealment of a prior injury. Plaintiff has opposed all of Defendant's Motions. This Court will consider each Motion in turn.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1]  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3]  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4]  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish

[1] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[3] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[4] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).

the existence of an element essential to that party's case."[5]  "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7]  Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

### A. Motion for Summary Judgment on Maintenance and Cure

Defendant moves for summary judgment dismissal of Plaintiff's maintenance and cure claim. "An employer owes damages for maintenance and cure to any seaman who suffers injury during his employment on a vessel, regardless of fault."[9] "A seaman's employer may, however, rely on certain legal defenses, such as the '*McCorpen* defense,' to deny claims for maintenance and cure."[10] In *McCorpen v. Cent. Gulf S. S. Corp.,* the Fifth Circuit held that an

---

[5] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[6] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (citations modified).

[7] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

[8] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[9] Foret v. St. June, LLC, No. 13–5111, 2014 WL 4539090, at *2 (citing Johnson v. Cenac Towing, Inc., 544 F.3d 296, 301 (5th Cir. 2008)).

[10] Dauzat v. Weeks Marine, Inc., No. 14-3008, 2016 WL 3167662, at *2 (E.D. La. June 7, 2016).

employer is relieved of the obligation to pay maintenance and cure when the seaman conceals or misrepresents the facts of a prior condition or injury in connection with an application for employment.[11] To prevail on this defense, "an employer must show that (1) the claimant intentionally misrepresented or concealed medical facts; (2) the non-disclosed facts were material to the employer's decision to hire the claimant; and (3) a connection exists between the withheld information and the injury complained of in the lawsuit."[12] This Court finds that material issues of fact regarding the first prong of the *McCorpen* defense prevent entry of summary judgment on this issue.

To satisfy the "intentional concealment" prong of the *McCorpen* defense, the Court need not make a finding of subjective intent.[13] "[A] prospective employee's '[f]ailure to disclose medical information in an interview or questionnaire that is obviously designed to elicit such information . . . satisfies the intentional concealment requirement.'"[14] Defendant argues that Plaintiff

---

[11] McCorpen v. Cent. Gulf S. S. Corp., 396 F.2d 547, 549 (5th Cir. 1968); *see also* Brown v. Parker Drilling Offshore Corp., 410 F.3d 166, 170–71, 173 (5th Cir. 2005) (quoting *McCorpen*, 396 F.2d at 549 ("[W]here the [employer] requires a seaman to submit to a pre-hiring medical examination or interview and the seaman intentionally misrepresents or conceals material medical facts, the disclosure of which is plainly desired, then he is not entitled to an award of maintenance and cure.")).

[12] *Brown*, 410 F.3d at 171.

[13] *Id.* at 174.

[14] Martinez v. Crosby Dredging, LLC, 686 F. Supp. 3d 479, 485 (E.D. La. 2023) (citing *Brown*, 410 F.3d at 174 (quoting Vitcovich v. Ocean Rover O.N., No. 94-35047, 1997 WL 21205, at *3 (9th Cir. Jan. 14, 1997))).

intentionally concealed an abnormal growth on his hand at his pre-employment physical.[15]

Defendant presents evidence that Plaintiff sought emergency medical care on April 7, 2023 for pain and swelling of the thenar region of his right hand—the same region he alleges was injured aboard Defendant's vessel. At his hospital visit on April 7, 2023, doctors noted swelling and tenderness, but no deformity. The radiologist reviewing an ultrasound of the area indicated that the mass was "most consistent with a complex abscess or phlegmon."[16] A CT scan noted a complex fluid collection in the soft tissue near the base of the thumb measuring 2.1 x 1.3 x 3.7 cm and indicated a possible soft tissue infection.[17] Plaintiff was discharged with an antibiotic and told to follow up with hand surgery. The final diagnosis noted by the emergency department was "Hand pain, right-- Abscess vs phlegmon (Primary)."

On June 3, 2024, Plaintiff underwent a pre-employment physical examination and completed a questionnaire. Defendant argues that Plaintiff concealed his prior hand injury at this time when he answered "no" to a question on the questionnaire that asked if he had ever had "Cancer, Tumor, or Abnormal Growth." Defendant contends that the April 7, 2023 injury was an "abnormal growth" and that Plaintiff should have answered "yes." The Court finds that there is a material issue of fact regarding whether the April 7, 2023 injury constitutes an "abnormal growth." Although the Plaintiff

---

[15] Defendant also argues that Plaintiff concealed psychiatric/emotional problems. However, Plaintiff acknowledged that he is not claiming any psychiatric injury in this matter, so these issues are irrelevant. Doc. 26 at 4.

[16] Doc. 21-4 at 5.

[17] Doc. 21-4 at 7.

undisputedly had a large mass on his hand, Plaintiff was not diagnosed with an abnormal growth. Accordingly, a material issue of fact exists regarding whether Plaintiff intentionally concealed his prior hand injury. Summary judgment on Plaintiff's maintenance and cure claim is therefore inappropriate.

### B. Motion for Partial Summary Judgment on Liability

Next, Defendant moves for partial summary judgment on Plaintiff's Jones Act negligence and unseaworthiness claims, arguing that he cannot show causation because his injury pre-existed his employment with Defendant. "The standard of causation in Jones Act cases is not demanding."[18] A seaman need only show that "employer negligence played any part, even the slightest, in producing the injury."[19] "Although in Jones Act cases a 'jury is entitled to make permissible inferences from unexplained events,' summary judgment is nevertheless warranted when there is a complete absence of proof of an essential element of the nonmoving party's case."[20] Similarly, to succeed on an unseaworthiness claim, the plaintiff need only prove that the alleged unseaworthy condition "played a substantial part in bringing about or actually causing the injury and that the injury was either a direct result of a reasonably probable consequence of the unseaworthiness."[21]

Defendant argues that Plaintiff cannot prove that his hand was injured while handling a cable aboard Defendant's vessel because his hand injury predated his employment with Defendant and was present as late as the day

---

[18] Johnson v. Cenac Towing, Inc., 544 F.3d 296, 302 (5th Cir. 2008).

[19] Johnson v. Horizon Offshore Contractors, Inc., No. 06-10689, 2008 WL 916256, at *4 (E.D. La. Mar. 31, 2008).

[20] *Id.*

[21] Braxton Thorngate v. Legacy Offshore, LLC, No. 17-03002, 2018 WL 2010124, at *6 (E.D. La. Apr. 30, 2018).

before the incident. In support, Defendant presents evidence that the accident was unwitnessed, a picture taken of Plaintiff's hand the day before the injury reveals a swollen mass already present, Plaintiff denied to doctors that the injury was caused by trauma (instead stating that it had developed over days or had been there for several months), and Plaintiff visited the emergency room in April 2023 for the same injury. In response, Plaintiff presents evidence that no mass or abnormality of his right hand was noted at his pre-employment physical just three months prior to the alleged injury, Plaintiff testified that he had no problems with his hand prior to the alleged injury, photographs taken of his hand on the date of the injury show bruising that was not present in the photographs from the prior day, and the captain of the vessel acknowledged that his hand appeared injured after the unwitnessed incident and got him off the vessel to receive medical treatment. The Court finds that from the facts presented by Plaintiff, a jury could reasonably infer that Plaintiff's hand was injured while moving a cable on the M/V WISE ONE. Defendant's view that Plaintiff is lying about the condition of his hand before the alleged incident is a credibility determination best left to the jury. The facts presented by Plaintiff are sufficient to create a material issue of fact as to the cause of his injury. This is not a situation where there is a "complete absence of proof" of causation such that summary judgment is warranted.[22] Defendant has not presented any other argument for the entry of summary judgment. Defendant's motion is therefore denied.

---

[22] *Horizon Offshore Contractors, Inc.*, 2008 WL 916256, at *4.

### C. **Motion to File Counterclaim**

Defendant moves for leave to file a counterclaim against Plaintiff to recover the amounts it paid him in maintenance and cure benefits on the basis that Plaintiff intentionally concealed his prior injury and fraudulently asserted that he was injured aboard Defendant's vessel. Defendant's proposed counterclaim requests relief in two forms: (1) a setoff against any judgment awarded to Plaintiff on his other claims, and (2) recovery of the amounts paid in maintenance and cure to Plaintiff pursuant to Louisiana Civil Code article 2299, which provides for recovery of a thing not due. Defendant's counterclaim also seeks attorney's fees, costs, expenses, and interest.

As Plaintiff points out, however, the Fifth Circuit has expressly held that "once a shipowner pays maintenance and cure to the injured seaman, the payments can be recovered only by offset against the seaman's damages award—not by an independent suit seeking affirmative recovery."[23] Accordingly, Defendant is not entitled to bring a claim for recovery of maintenance and cure payments or attorney's fees.[24] Defendant's proposed

---

[23] Boudreaux v. Transocean Deepwater, Inc., 721 F.3d 723, 728 (5th Cir. 2013); Crowe v. Marquette Transportation Co. Gulf-Inland, LLC, No. CV 14-1130, 2015 WL 13529959, at *1 (E.D. La. Mar. 10, 2015) ("For reasons passing understanding, however, Marquette apparently feels compelled to pursue a remedy here that it must by now know is clearly unavailable to it, i.e., a counterclaim against the plaintiff/Jones Act seaman for restitution of maintenance and cure payments it claims were induced by fraud and attorneys' fees and costs associated with its defense of what it claims is a fabricated claim. Both of these species of claims against seamen have been disallowed in this District and Circuit, yet Marquette persists in its attempt to counterclaim against Crowe, without distinguishing any of the cases that disallowed these claims.").

[24] *Crowe*, 2015 WL 13529959, at *2.

counterclaim brings claims that are improper as a matter of law, and its motion for leave to file it is therefore denied.

At most, Defendant may seek an offset of amounts paid in maintenance and cure to Plaintiff against any judgment awarded to Plaintiff. The Court will, therefore, "notwithstanding the expiration of the deadline for amendments to pleadings, allow [Defendant] to amend its answer to assert a defense of set-off for the payment of maintenance and cure which it believes Plaintiff was not entitled to."[25]

## **CONCLUSION**

For the foregoing reasons, Defendant's Motions are **DENIED**. Defendant may amend its Answer within 14 days of this Order to assert the affirmative defense of offset.

New Orleans, Louisiana this 20th day of April, 2026.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[25] *Id.* at *4. *See* Giles v. Gen. Elec. Co., 245 F.3d 474, 494 (5th Cir. 2001) (holding that offset is an affirmative defense). *But see* Sharpe v. Bertucci Contracting Co. LLC, No. CIV.A. 13-6101, 2014 WL 4396086, at *2 (E.D. La. Sept. 5, 2014) ("It is important to note that the *Boudreaux* opinion does not speak to the procedural aspects of the employer's ability to offset past maintenance and cure payments against a seaman's future damages award. Whether such entitlement is to be asserted in the form of an affirmative defense in the defendant's Answer or by way of a post-Answer motion is not addressed.").